IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BETTY ROBINETTE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No: |
| vs | ) |
| | ) CV-09-JEO-1611-S |
| UNIFUND CCR PARTNERS | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

1. This is an action brought by the Plaintiff, Betty Robinette, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et seq. Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's statutory and common law claims set forth herein.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and §1367. Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

3. The Plaintiff, Betty Robinette (hereinafter "Robinette" or "Plaintiff"), is a resident and citizen of the State of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. Defendant Unifund CCR Partners ("Unifund"), is a Ohio based entity in the business of collecting consumer debt in Alabama from Alabama consumers. Unifund is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6) which, at all times relevant herein, was doing business in the State of Alabama.

## FACTS

5. The Plaintiff and the Defendant are covered by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq., imposing requirements on "debt collectors," and suits involving collection of debt.

6. The Plaintiff is a consumer under the FDCPA, and Unifund is a "debt collector" within the FDCPA.

7. Unifund purchased or otherwise acquired an account associated with Robinette. Unifund began collection activity on that account. Unifund filed a civil action against Robinette in the case of :Unifund CCR Partners v. Betty Robinette," in the Circuit Court of Jefferson County, Alabama, Case No. CV: 2007-03779. Unifund knew or should have known that they had no basis for

the action.

8. Robinette filed an answer in defense of the above-referenced suit and denied all material averments of the complaint. Unifund failed to produce proof or evidence of the truthfulness of the material averments in their complaint against Robinette, and the case was dismissed in favor of Robinette. A copy of the Order dismissing the case is attached hereto as Exhibit "A".

9. As a proximate result of the Defendant's actions, the Defendant has caused the Plaintiff to endure collection activity, to be sued, to incur a public record of a collection suit, to suffer public ridicule, credit defamation, and embarrassment, to suffer physical sickness (including general illness, depression, anxiety, loss of sleep and nervousness), mental anguish and emotional distress, and caused Plaintiff to incur loss of time, trouble, aggravation, and out-of-pocket expenses to defend herself and her reputation.

## COUNT ONE

## FAIR DEBT COLLECTIONS PRACTICES ACT

10. The Plaintiff hereby adopts the averments and allegations of Paragraphs 1 through 9 hereinbefore as if more fully adopted and incorporated herein and adds thereto the following:

11. The Defendant has engaged in collection activities and practices in

violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

12. The Defendant violated §1692c(c) by continuing to communicate with the Plaintiff after receiving written notice that the Plaintiff refused to pay the debt or requested that the Defendant cease all further communications.

13. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

(A) By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

(B) By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

14. The Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by the Defendant were made recklessly, willfully, and/or intentionally.

15. The Defendant made false representations regarding the character,

amount, or legal status of the debt in violation §1692e(2)(A).

16. The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

17. The Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false in violation of §1692e(8).

18. The Defendant failed to communicate that a debt was disputed in violation of §1692e(8).

19. The Defendant falsely represented or implied that the account had been turned over to an innocent purchaser for value in violation of §1692e(12).

20. The Defendant falsely used a business, company, or organization name other than their true name in violation of §1692e(14).

21. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

22. The Defendant violated §1692f(1) by collecting or attempting to collect an amount which was not authorized by the agreement creating the debt or permitted by law.

23. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, the Defendant failed to

cease collection of the debt, or any disputed portion thereof.

24. The Plaintiff informed the Defendant that she did not owe this debt. Thereafter, the Defendant failed to send the Plaintiff a written notice containing the information required by 15 U.S.C. §1692 g (a)(3), (4) and (5).

25. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish and other damages as set out in Paragraph 9 above and incorporated herein.

## COUNT TWO

## DEFAMATION, LIBEL, SLANDER

26. The Plaintiff hereby adopts the averments and allegations of Paragraphs 1 through 25 hereinbefore as if fully set forth herein.

27. The Defendant, UNIFUND, has negligently, willfully and maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to public ridicule, harmed her reputation, caused the Plaintiff physical sickness such as anxiety, loss of sleep, and nervousness, mental anguish and emotional distress, and caused Plaintiff to incur time, trouble,

aggravation and out of pocket expenses to attempt to defend against unfounded lawsuits and to clear her name and reputation.

28. At the time said communications were made, the Defendant knew or should have known the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the false information.

29. As a proximate result of the intentional communications, defamation, libel and slander, the Defendant has caused the Plaintiff to suffer the damages set out in paragraphs 9 and 25 above, for which she claims compensatory and punitive damages.

30. Said communications were oral and/or written.

## COUNT TWO

## PLACED IN A FALSE LIGHT

31. The Plaintiff adopts the averments and allegations of Paragraphs 1 through 34 hereinbefore as if fully set forth herein.

32. UNIFUND negligently, willfully, recklessly, and/or maliciously published and communicated false and defamatory information about the Plaintiff, her credit, and her credit worthiness, which resulted in the Plaintiff being unreasonably placed in a false light.

33. The Defendant's conduct was objectionable to the Plaintiff and to any

reasonable person in that it infers that the Plaintiff had bad debt and/or does not pay her bills.

34. As a proximate result of the Defendant's acts and omissions, the Plaintiff has suffered actual and compensatory damages as set out in paragraph 9 and 25 above, for which she seeks compensatory and punitive damages.

## COUNT THREE

## RECKLESS AND WANTON CONDUCT

35. The Plaintiff adopts the averments and allegations of paragraphs 1 through 38 hereinbefore as if fully set forth herein.

36. UNIFUND recklessly and wantonly failed to thoroughly investigate and resolve consumer claims and/or disputes that the debt was not owed or had been resolved, prior to filing lawsuits against consumers.

37. UNIFUND recklessly and wantonly failed to make any efforts to determine the validity and/or accuracy of the consumer debt they purchased (or acquired) from third parties, before undertaking collection activity and before filing lawsuits against consumers to collect the purchased debt, after having reasonable notice that the debt may be inaccurate and/or invalid.

38. UNIFUND recklessly and wantonly failed to adopt policies or

procedures to govern its actions concerning the following:

(A) To prevent the further collection and lawsuits on debts they were assigned, purchased or otherwise acquired after receiving consumer claims and/or disputes that the debt was not owed or had been resolved.

(B) To make certain that the information concerning consumers which they disseminated to others (including their attorneys, the credit bureaus, and those credit grantors likely to use the information provided by those bureaus) was not false, misleading or damaging, and/or did not subject consumers to unwarranted defamation and/or collection activities or lawsuits.

(C) The thorough investigation and resolution of consumer claims that accounts were not accurate, had been paid, and/or were not owed, and to limit any damage caused to the consumers making the claim or dispute.

(D) To ascertain if the accounts they acquired were valid accounts or were subject to dispute before they initiated collection activity and/or lawsuits.

39. UNIFUND recklessly and wantonly failed to train and/or hire employees on its practices, policies or procedures concerning the following:

(A) To prevent the further collection and lawsuits on debts they were assigned, purchased or otherwise acquired after receiving consumer claims and/or disputes that the debt was not owed or had been resolved.

(B) To make certain that the information concerning consumers which they disseminated to others (including their attorneys, the credit bureaus, and those credit grantors likely to use the information provided by those bureaus) was not false, misleading or damaging, and/or did not subject consumers to unwarranted defamation, collection activities or lawsuits.

(C) The thorough investigation and resolution of consumer claims that accounts were not accurate, had been paid, and/or were not owed, and to limit any damage caused to the consumers making the claim or dispute.

(D) To ascertain if the accounts they acquired were valid accounts or were subject to dispute before they initiated collection activity and/or lawsuits.

40. As a result of UNIFUND's reckless and wanton conduct the following occurred:

(A) Unwarranted collection activity pursued and an unfounded

lawsuit was filed against Plaintiff.

(B) False, embarrassing, damaging, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including attorneys, credit bureaus and those credit grantors likely to use the information provided by those bureaus).

(C) The plaintiff was sued and caused to defend herself and subjected to unwarranted collection activities.

41. As a proximate consequence of said recklessness, willful and/or wanton conduct, of UNIFUND, Plaintiff was caused to suffer the damages set out in paragraph 9 and 25 above and incorporated herein.

## COUNT SIX

### MALICIOUS PROSECUTION/ABUSE OF PROCESS

42. The Plaintiff adopts the averments and allegations of Paragraphs 1 through 45 herinbefore as if fully set forth herein.

43. UNIFUND maliciously and without probable cause, initiated a lawsuit against Robinette on a debt that they knew or should have known was not valid, was paid, was not owed, and/or did not exist.

44. UNIFUND abused process by pursuing a case they new to be without cause and for an ulterior purpose.

45. The lawsuit was dismissed in favor of Robinette.

46. As a proximate result of UNIFUND'S conduct, the Plaintiff has suffered the actual and compensatory damages as set out in Paragraph 9 and 25 above for which she claims compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISED CONSIDERED, Plaintiff demands judgement against the Defendant as follows:

- A    Actual damages for violation of the FDCPA;
- B.    Statutory damages pursuant to 15 U.S.C. § 1692k;
- C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
- D.    Compensatory and punitive damages in the amount of 500,000.00 on Plaintiff's claims for damages under Plaintiff's state law and tort theories.; and
- E.    For such other and further relief as the Court may deem just and proper.

_____
Charles J. Lorant (ASB-6465-O76C)
Attorney for Plaintiff

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
6 Office Park Circle
Suite 214
Birmingham, AL 35223
Phone: (205) 870-9848
Facsimile: (205) 871-8882
charlie@lorantlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**SERVE DEFENDANT VIA CERTIFIED MAIL:**

Unifund CCR Partners
10625 Techwoods Circle
Cincinnati, Ohio 45242

Exhibit "A"

A copy of the Order dismissing the case.